UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 07-102-KSF

CAROLYN KENNER                                                        PLAINTIFF

v.                              **OPINION & ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security                              DEFENDANT

* * * * * * * * * * *

The plaintiff, Carolyn Kenner, brought this action pursuant to 42 U.S.C. § 405(g) to obtain

judicial review of an administrative decision of the Commissioner of Social Security denying her

claim for period of disability and disability insurance benefits ("DIB").  The Court, having reviewed

the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I.    OVERVIEW OF THE PROCESS

In determining whether a claimant has a compensable disability under the Social Security

Act, the regulations provide a five-step sequential process which the administrative law judge must

follow.  20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525,

529 (6th Cir. 1997).  The five steps, in summary, are as follows:

> (1)    If the claimant is currently engaged in substantial gainful activity, she is not
>        disabled.

> (2)    If the claimant is not doing substantial gainful activity, her impairment must
>        be severe before she can be found disabled.

> (3)    If the claimant is not doing substantial gainful activity and is suffering from
>        a severe impairment that has lasted or is expected to last for a continuous

1

period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4)     If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5)     Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.*  The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987).  If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work.  If not, she would be deemed disabled. 20 C.F.R. 404.1520(f).  Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence.  *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987).  Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C.  § 405(g).  Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).  "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  In

2

reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II.   THE ADMINISTRATIVE DECISION

In this case, the ALJ conducted a hearing on November 22, 2006, and issued his opinion denying Kenner's application for DIB benefits on January 24, 2007. [TR 15, 570] At the time of the ALJ's decision, Kenner was 46 years old. Kenner has a seventh grade education and past relevant work as a team member, food service worker, store manager, and inventory clerk. [TR 16] She alleges disability due to back problems, depression, high blood pressure, and irritable bowel syndrome. [TR 62] Her alleged onset date is July 14, 2000 and her date last insured is December 31, 2005. [TR 57]

The ALJ began his analysis at step one by determining that Kenner has not engaged in any substantial gainful activity since her alleged onset date of July 14, 2000. [TR 16] At step two, the ALJ found that Kenner suffers from hypertension and lumbar disc disease, which are arguably severe in combination. [TR 17] Continuing on to the third step, the ALJ determined that these impairments or combination of impairments are not associated with clinical signs and findings that meet or equal in severity any of the listed impairments. [TR 17]

Reviewing the administrative record and considering Kenner's testimony, the ALJ concluded that Kenner maintained the residual functional capacity to perform sedentary work activity with

3

occasional postural limitations, including avoiding temperature extremes, vibrations, humidity, hazards and moving machinery. [TR 19]  Considering the testimony of the vocational expert, the ALJ found that although Kenner could not perform her past relevant work, she maintains the capacity for limited sedentary work that exists in a significant number in the economy. [TR 20] Consequently, the ALJ determined that Kenner was not disabled within the meaning of the Social Security Act. [TR 20]

The ALJ's decision that Kenner is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied her request for review on May 4, 2007. [TR 6]  Kenner has exhausted her administrative remedies and filed a timely action in this Court.  This case is now ripe for review under 42 U.S.C. § 405(g).

## III.    ANALYSIS

On appeal, Kenner argues that the ALJ's determination was not based on substantial evidence or decided by the proper legal standards for several reasons.  Each of Kenner's arguments is discussed separately below.

### A.    THE ALJ ADEQUATELY SET OUT HIS RESIDUAL FUNCTIONAL CAPACITY ANALYSIS

Kenner first argues that the ALJ erred by concluding that she could perform sedentary work without explaining how he arrived at this conclusion.  Specifically, Kenner contends that the ALJ determined that she could perform sedentary work based on the "entire record," or the "record as a whole," without setting forth any evidence or indicating the weight applied to the evidence. However, a review of the ALJ's decision reveals that the ALJ expressly explained how he determined Kenner's physical capacity for sedentary work.  In reaching this conclusion, the ALJ

4

discussed the evidence from Kenner's treating physician, Dr. Eugene Pence, who opined in November 2002 that Kenner could perform sedentary work for 40 hours per week. [TR 19, 414]. Additionally, the ALJ discussed and relied upon the assessment from Dr. Robert Nickerson, who assigned limitations consistent with sedentary work. [TR 19, 499-500] Finally, the ALJ discussed the evidence from Dr. Salles, who opined in 2006 that Kenner could perform sedentary work. [TR 554] In addition to the medical evidence, the ALJ also considered Kenner's reported activities, including a honeymoon, housework, and visiting with relatives. [TR 18]  The ALJ noted that inconsistencies in the range of Kenner's reported activities and the degree of her functional impairment diminished the credibility of her claim of disability. [TR 18]  Thus, Kenner's argument that the ALJ failed to explain his rationale in arriving at the conclusion that Kenner can perform sedentary work is without merit.

### B. THE ALJ GAVE APPROPRIATE WEIGHT TO KENNER'S TREATING PHYSICIAN

Next, Kenner argues that the ALJ failed to give appropriate weight to the opinion of her treating physician, Dr. Arnold.  Generally, the ALJ should give controlling weight to a disability opinion by a treating physician if it is well-supported by clinical and laboratory findings and is consistent with other evidence.  The ALJ may consider the length and nature of the treating relationship, the supportability of the opinion, consistency, specialization, and any other factors that may be appropriate.  *See* 20 C.F.R. § 416.927(d)(2)(2007).  The supportability of the opinion depends on the degree to which the source presents relevant evidence to support the opinion, particularly medical signs and laboratory findings.  *See* 20 C.F.R. § 416.927(d)(3)(2007); *see also Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711-712 (6th Cir. 1988).  The

Sixth Circuit has held that a treating physician's opinion may be "undercut, to a degree, by the absence of underlying objective findings or corroborative clinical evidence." *Sias v. Secretary of Health and Human Services*, 861 F.2d 475, 479 (6th Cir. 1988).

Kenner's treating physician, Dr. Arnold, determined in a 2002 assessment that Kenner was extremely limited, and opined that she could *never* perform sitting, standing, walking, simple grasping, or driving. [TR 305] Kenner contends that the ALJ failed to explicitly explain why he did not give controlling weight to Dr. Arnold's opinion. However, according to the Sixth Circuit, the ALJ is not required to give controlling weight to the opinion of a treating physician when the opinion is not supported by objective medical evidence or when it is inconsistent with the record - provided that the ALJ gives "good reasons" in his decision for not crediting the opinion. *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004); *see also* 20 C.F.R. § 404.1527(d)(2). While the ALJ did not explicitly reject Dr. Arnold's opinion, the ALJ did refer to Dr. Arnold's opinion, noting that he diagnosed a lumbar strain and referred her to a neurosurgeon. [TR 16] The ALJ then went on to discuss the subsequent findings of other physicians whose opinions contradicted Dr. Arnold's disabling opinion. For example, Dr. Pence, Dr. Nickerson, and Dr. Salles all issued opinions after Dr. Arnold that Kenner could return to work. [TR 414, 499-500, 559-60] The ALJ also provided a summary of the relevant medical evidence, including a specific discussion of Kenner's physical capacity. [TR 16-19] The fact that Dr. Arnold's opinion is inconsistent with the record as a whole, and particularly inconsistent with Kenner's other treating physician, Dr. Pence, amounts to an indirect attack of Dr. Arnold's opinion. *See Bowen v. Commissioner of Social Security*, 478 F.3d 742, 748-49 (6th Cir. 2007)(holding that it is permissible for an ALJ to indirectly attack a treating physician's opinion, without directly explaining its weight,

when the ALJ's discussion meets the regulatory goal of addressing treating source opinions and their inconsistency with the record as a whole).  Certainly, the record contains and the ALJ's opinion cites "good reasons" for not accepting Dr. Arnold's disabling opinion.  Moreover, because Dr. Arnold's opinion is not supported by objective medical evidence and is inconsistent with the remainder of Kenner's record, the ALJ did not err in failing to afford controlling weight to Dr. Arnold's opinion.

###   C.   THE ALJ WAS NOT REQUIRED TO CONSIDER KENNER'S UNSUPPORTED CLAIM THAT SHE WAS RECEIVING INSURANCE DISABILITY BENEFITS

Next, Kenner contends that the ALJ erred by failing to consider the finding of disability for long-term insurance benefits.  Although Kenner testified that she receives monthly disability payments from her "company," the record does not contain a decision of disability from any governmental or nongovernmental agency. [TR 581]  While SSR 06-03p does require the ALJ to consider decisions of disability from governmental and nongovernmental agencies, the regulations also make clear that the claimant bears the burden of providing evidence to support her claim so that the Commissioner can make an informed disability determination.  *See* 20 C.F.R. §§ 404.1512(c), 404.1513(e), 404 1514, 404.1516.  The ALJ is simply not required to rely on the claimant's unsupported testimony that she has been deemed disabled by her "company."  Accordingly, the ALJ did not err in failing to consider Kenner's allegation that she was receiving disability insurance benefits.

###   D.   THE ALJ'S FAILURE TO INQUIRE ABOUT POTENTIAL CONFLICTS BETWEEN THE VE'S TESTIMONY AND THE <u>DOT</u> IS A HARMLESS ERROR

Next, Kenner argues that the ALJ erred by failing to inquire about potential conflicts between the testimony of the vocational expert ("VE") and the occupational information supplied by the

Dictionary of Occupational Titles ("DOT") as required by Social Security Ruling 00-4p. Specifically, the pertinent part of this ruling provides:

> Occupational evidence provided by a [vocational expert] or [vocational specialist] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between the [vocational expert] or [vocational specialist] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert] or [vocational specialist] evidence to support a determination or decision about whether the claimant is disabled.

SSR 00-4p.

At the hearing, the VE testified that based on her capacity for modified sedentary work, and her vocational profile, Kenner could perform a variety of unskilled and semiskilled jobs, including unskilled and semiskilled order clerk, unskilled and semiskilled receptionist, and semiskilled telemarketer. The VE further testified that a significant number of these positions were available in the national economy. [TR 585-588]

Kenner contends that the VE's classification of the receptionist and order clerk jobs as unskilled and semiskilled jobs conflicts with the information in the DOT, which indicates that these jobs are semiskilled. A review of the hearing transcript reveals that the ALJ did not ask the VE about this apparent conflict.

The VE identified three jobs - order clerk (unskilled and semiskilled), receptionist (unskilled and semiskilled), and telemarketer (semiskilled) - that Kenner could perform. [TR 585-588] Unlike the VE's testimony, the DOT lists the positions of order clerk and receptionist as semiskilled only. However, even if the ALJ did not consider the positions of unskilled order clerk and unskilled receptionist, the VE's testimony reveals that over 1,000,000 of the semiskilled positions which Kenner could perform exist in the national economy. The fact that the VE testimony and DOT

8

conflict with respect to the unskilled positions is not a material conflict based on the facts of this case, and therefore, the fact that the ALJ failed to inquire as to this conflict is a harmless error which does not warrant a remand.

### E. THE ALJ APPROPRIATELY RELIED ON THE VE'S TESTIMONY THAT KENNER'S PAST RELEVANT WORK SKILLS ARE TRANSFERRABLE TO THE JOBS IDENTIFIED BY THE VE

Kenner also challenges the ALJ's reliance on the VE's testimony that Kenner's past relevant work skills are transferrable to the positions of order clerk, receptionist, and telemarketer. Specifically, the VE testified that the skills in Kenner's past management work, including work as a restaurant manager, Salvation Army manager, and an inventory control clerk, were transferrable to these semiskilled jobs. [TR 588]  The ALJ is entitled to rely on a VE's testimony as to whether the skills acquired in past relevant work are transferrable. *Siterlet v. Secretary of Health and Human Services*, 823 F.2d 918, 922 (6th Cir. 1987).  Kenner has not challenged the VE's qualifications or credibility, and Kenner's own unsupported argument that the skills are nontransferrable is without merit.

Kenner also argues that the ALJ should not consider her work in 1990 as a manager at the Salvation Army or in a restaurant because her earnings were not at the substantial gainful activity level and were more than 15 years before her date last insured.  As the Commissioner notes, the record reveals that Kenner's earnings in 1989 and 1991, in both the restaurant management job and the Salvation Army, are indicative of substantial gainful activity, and there is no evidence that the work she performed in 1990 required any different skills than the work performed in 1989 or 1991. While the 1989 earning were more than 15 years before Kenner's date last insured, the regulations

9

and caselaw are clear that the 15-year cutoff is only a guideline and not a rule. *See* 20 C.F.R. § 404.1565(a); *Smith v. Secretary of Health and Human Services*, 893 F.2d 106, 109 (6th Cir. 1989). Thus, the ALJ did not err in considering the skills obtained by Kenner in her jobs in 1989 and 1990.

**IV.     CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby ORDERS as follows:

(1)     the decision of the Commissioner is AFFIRMED as it was supported by substantial evidence; and

(2)     the plaintiff's motion for leave to file a reply [DE # 12] is GRANTED, and the Clerk is directed to FILE plaintiff's tendered reply.

This February 20, 2008.



**Signed By:**

**_Karl S. Forester_**   $K S F$

**United States Senior Judge**

10